IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN DEETER,

               Plaintiff,
v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

               Defendant.[1]

OPINION and ORDER

20-cv-881-jdp

---

Plaintiff Nathan Deeter seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding him not disabled under the Social Security Act. Deeter contends that administrative law judge (ALJ) Michael Schaefer erred in two ways: (1) by improperly evaluating medical-opinion evidence; and (2) by failing to support his conclusions regarding Deeter's ability to interact with others. The court isn't persuaded that the ALJ erred, so the court will affirm the ALJ's decision. The hearing scheduled for July 22, 2021, is canceled.

ANALYSIS

Deeter sought benefits based on physical and mental impairments, alleging disability beginning in April 2018. R. 13, 16.[2] In a May 2020 decision, the ALJ found that Deeter suffered from the severe impairments of depression, alcohol addiction disorder, and substance

---

[1] The court has changed the caption to reflect Kilolo Kijakazi's recent appointment as acting commissioner.

[2] Record cites are to the administrative transcript, located at Dkt. 14.

addiction disorder (THC). R. 16. The ALJ ascribed to Deeter the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following mental restrictions, along with environmental restrictions that are not at issue in this appeal:

> [Deeter] can understand, remember, or carry out only simple instructions and routine tasks . . . in a work environment with few, if any, changes in the work duties. He is limited to a work environment with no fast-paced production quota or rate . . . . [Deeter] is capable of occasional, brief and superficial, interactions with the public, but is precluded from work involving direct customer service. He is capable of only occasional interactions with co-workers and is capable of frequent interactions with supervisors.

R. 19. Based on the testimony of a vocational expert, the ALJ found that Deeter was not disabled because he could work as a janitor, officer clerk, or housekeeper. R. 24–25. The Appeals Council declined review. R. 1–3. Deeter now appeals to this court.

On appeal, the court's role is to determine whether the ALJ's decision is supported by substantial evidence, meaning that the court looks to the administrative record and asks "whether it contains sufficient evidence to support the agency's factual determination." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The standard is not high and requires "only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

A. **Opinion evidence**

Deeter contends that the ALJ erred in evaluating the opinion evidence, primarily focusing on opinions from two examining psychologists, Sandra Frodin and Peggy Dennison. Frodin opined that Deeter had "marked" limitations in five areas: (1) his ability to understand, remember, and carry out simple instructions; (2) his ability to respond appropriately to

2

supervisors and coworkers; (3) his ability to maintain concentration, attention, and work pace; (4) his ability to withstand routine work stresses; and (5) his ability to adapt to changes. R. 334. The ALJ said that Frodin's conclusions were not persuasive for three reasons: (1) they were supported only by a single examination of Deeter; (2) they were "not fully consistent" with Frodin's objective findings; and (3) Frodin's conclusions "relied heavily upon [Deeter's] subjective statements." R. 22–23. Frodin examined Deeter in October 2013, about four and one-half years before Deeter's alleged onset date. But the ALJ did not cite the age of Frodin's opinion as a reason for discounting it.

Dennison opined that "Deeter will need to find employment that does not emphasize conceptual skills, as he will generally need supervision and support. With encouragement and support he may be able to perform a vocation competently." R. 394. The ALJ said that Dennison's opinion was not persuasive for three reasons: (1) it did not "provide a function-by-function analysis of [Deeter's] work related abilities"; (2) it was inconsistent with Dennison's objective findings and was supported by "little objective evidence"; and (3) it was inconsistent with the opinion of Catherine Bard, a reviewing psychologist who concluded that Deeter could understand and remember two- to three-step instructions. R. 23.

Deeter doesn't challenge most of the ALJ's reasons for discounting Frodin's and Dennison's opinions in his initial brief. He addresses only the question of whether the opinions were supported by objective evidence. He raises other objections for the first time in his reply brief, but those are forfeited because he did not raise them in his initial brief. *See Brown v. Colvin*, 661 F. App'x 894, 895 (7th Cir. 2016).

Deeter's failure to address most of the ALJ's reasons for discounting these opinions is reason enough to uphold the ALJ's decision. *Whitcher v. Saul*, No. 20-cv-445-jdp, 2021 WL

3

805570, at *2 (W.D. Wis. Mar. 3, 2021) (citing *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018)). Even so, Deeter's arguments are unpersuasive.

Deeter's main argument in his initial brief is that the ALJ should have considered whether Frodin's and Dennison's opinions were consistent with one another, as well as with a 2009 evaluation by psychologist Tim Caufield. Deeter relies on 20 C.F.R. § 404.1520c(c)(2), which states that opinion evidence is more persuasive if it is consistent with evidence from medical and nonmedical sources. Deeter includes a six-page table in his brief that quotes extensively from Frodin's and Dennison's opinions. Dkt. 17, at 18–24. But Deeter doesn't highlight where the two opinions are consistent or explain elsewhere why he believes them to be consistent, simply stating that the table shows their "general consistency." *Id.* at 18. Nor does Deeter explain why the two opinions are consistent with Caufield's 2009 evaluation, which the ALJ found unpersuasive because it predated Deeter's alleged onset date by more than eight years. And Deeter doesn't connect the supposed consistencies among the opinions to specific restrictions that he believes should have been included in his RFC.

Deeter's only attempt to explain why the three opinions are consistent is incomplete. He says:

> All three examining medical experts found that Deeter had limited or no ability to perform sustained work based on [mental symptoms x, y, z].

*Id.* at 27. It appears that Deeter's counsel forgot to fill in the blank before submitting his brief. But even if Deeter had shown that the opinions were consistent with one another, the ALJ had valid reasons for discounting the three opinions separately. Deeter identifies nothing that calls the ALJ's reasons into question.

4

Deeter's other arguments on the ALJ's handling of the opinion evidence require little discussion. First, he says that the ALJ should have considered that Frodin and Dennison based their opinions on specialized mental status examinations, which he contends "provide objective criteria to a situation which generally lacks objective testing." *Id.* at 26. But the ALJ *did* consider their objective evaluations; as noted above, he found both psychologists' opinions inconsistent with their objective findings, which is one of the reasons he gave for discounting the opinions. Specifically, he noted Frodin's finding that Deeter was able "to do Serial 3's from 100 to 61 correctly in 30 seconds and follow a 3-step command and had no difficulty following a conversation" and Dennison's finding that Deeter "maintained the ability to concentrate on simple sequential tasks[,] . . . was able to recall three objects immediately, and [had] no difficulty remembering them after five minutes." R. 22–23. Deeter doesn't challenge the ALJ's conclusion that this evidence was inconsistent with Frodin's and Dennison's opinions.

Second, Deeter says that the ALJ cherry-picked the record in concluding that Frodin's and Dennison's opinions were inconsistent with the objective evidence. In support of this argument, he cites records that describe his *subjective* complaints—anger issues, depression, a lack of motivation, distractibility, and concentration problems. *Id.* at 29 (citing R. 340–43, R. 427–33). The ALJ expressly acknowledged these subjective complaints, concluding that they were not fully credible. R. 20–21. Deeter doesn't challenge any of the ALJ's reasons for discounting his subjective complaints, so he hasn't shown that the ALJ erred by failing to consider whether they were consistent with Frodin's and Dennison's opinions.

Third, Deeter says without elaboration that the ALJ failed to consider the nature of Frodin's and Dennison's relationships with Deeter and their specializations. Dkt. 17, at 24. But he does not develop the argument, so he has forfeited that one, too. *See United States v.*

*Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments . . . are waived."). And even if the argument were not forfeited, it would fail. The ALJ did consider the nature of the psychologists' relationship with Deeter, noting that each had examined Deeter only a single time. And Deeter identifies nothing exceptional in their credentials beyond their psychology degrees, which the ALJ expressly noted.

Fourth, Deeter says that the RFC failed to account for several "moderate" limitations found by Bard, the reviewing psychologist, on an agency worksheet. Dkt. 17, at 30–31. Deeter devotes only half a paragraph to this undeveloped argument, and he did not reply to the arguments raised in the commissioner's response brief, so he has forfeited this argument as well.

Deeter hasn't shown that the ALJ erred in evaluating the opinion evidence, so the court will not remand on this ground.

B. **Social functioning**

Deeter contends that the ALJ failed to justify the restrictions in Deeter's RFC that limited his interactions with coworkers and the public. He says that the ALJ failed to base these restrictions on medical-opinion evidence because the only medical opinion that the ALJ credited was from a state-agency reviewing psychologist who did not opine that he had any limitations in social functioning.

Deeter relies on the familiar rule that an ALJ may not "play[] doctor" by "ignor[ing] expert opinions to arrive at his own, incorrect, interpretation of the medical evidence," *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016). But this court has observed that this rule "is generally applied when the ALJ rejects a medical opinion in favor of [a] more expansive view

of the claimant's abilities," not when the ALJ imposes greater restrictions on the claimant's ability to work than those proposed in a medical opinion. *Luzar v. Saul*, No. 19-cv-1018-jdp, 2020 WL 5249225, at *3 (W.D. Wis. Sept. 3, 2020). In other words, any error is harmless because removing the challenged restriction could only *increase* the number of jobs that the claimant could perform.

Deeter contends that *Luzar* is distinguishable because the ALJ should have included even greater limitations. He cites Frodin's statement that he had a "marked limitation" in his "ability to respond appropriately to supervisors" and Dennison's statement that he "had problems getting along with others and had anger issues." *Id.* at 9. But Deeter hasn't shown that the ALJ erred in discounting Frodin's and Dennison's opinions, so the ALJ wasn't required to accommodate them in the RFC. This argument doesn't require remand, either.

ORDER

IT IS ORDERED that the decision of the acting commissioner is AFFIRMED and the July 22, 2021 oral argument is CANCELED. The clerk of court is directed to enter judgment in favor of the acting commissioner and close this case.

Entered July 15, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

7